**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

REGINALD RUFFIN,

    Plaintiff,

    v.                        CAUSE NO.: 2:25-CV-37-TLS-JEM

DYER NURSING & REHABILITATION
CENTER, LLC and DYER HC, LLC,

    Defendants.

**OPINION AND ORDER**

This matter before the Court on the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, which is fully briefed. ECF Nos. 38, 39, 46, 47, 54. The Defendants argue that the Plaintiff's Title VII hostile work environment claim in Count III and Title VII sex discrimination claim in Count IV are duplicative of the Plaintiff's Title VII sexual harassment claim in Count II because the three counts are based on the same set of facts and ask for the same relief. For the following reasons, the Court grants in part and denies in part the motion to dismiss, dismissing the hostile work environment claim in Count III.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d

736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## FACTUAL AND PROCEDURAL BACKGROUND

The Amended Complaint alleges the following facts. The Plaintiff began working for the Defendants Dyer Nursing and Dyer HC, LLC in October 2021 as a dietary aid, and he performed his job well. Am. Compl. ¶¶ 6,7, ECF No. 29. On March 26, 2023, the Plaintiff went outside with the Manager and Assistant Manager. *Id.* ¶ 8. The Plaintiff dropped his lighter, and when he bent over to pick it up, the Manager aggressively pulled his head into her genital area. *Id.* ¶ 9. The Plaintiff immediately went inside the building and asked for documentation to file a sexual harassment complaint. *Id.* ¶ 10. The Assistant Manager told the Human Resources Administrator what happened and was told to leave it alone and not make a complaint. *Id.* ¶ 11. On March 28, 2023, the Plaintiff made a formal complaint to Human Resources, and the Assistant Manager submitted a statement corroborating his complaint. *Id.* ¶ 12. On March 29, 2023, the Manager was sent home pending the investigation. *Id.* ¶ 13.

Over a period of about two weeks, the Plaintiff was questioned about what happened. *Id.* ¶ 14. On April 12, 2023, the Plaintiff was told that the Manager would be returning to manage the kitchen. *Id.* ¶ 15. The Plaintiff informed management that he was uncomfortable working with the Manager. *Id.* ¶ 16. The Human Resources Administrator told the Plaintiff that he would have to work second shift, move to another department, or resign. *Id.* ¶ 17. The Plaintiff stated that he did not want to move to another department and that he liked his job. *Id.* ¶ 18. The

Plaintiff was moved to second shift, and his hours were reduced by more than fifteen hours per week. *Id.* ¶ 19.

The Plaintiff alleges that he was subjected to a hostile work environment when the Defendants' Manager sexually harassed him, *id.* ¶ 20, he was sexually harassed, *id.* ¶ 21, and he was retaliated against by the Defendants for engaging in protected activity, *id.* ¶ 22.

The Amended Complaint brings four claims against the Defendants for alleged violations of Title VII, 42 U.S.C. § 2000, et al.: (1) retaliation due to the Plaintiff's submission of a complaint of sexual harassment (Count I); (2) sexual harassment (Count II); (3) hostile work environment (Count III); and (4) sex discrimination (Count IV).

## ANALYSIS

The Court has the authority to dismiss as duplicative "[c]laims that involve the same operative facts and same injury, and that require proof of essentially the same elements." *Greene v. Ill. Sec'y of State*, — F. Supp. 3d —, —, No. 23 C 2182, 2025 WL 3268678, at *3 (N.D. Ill. Nov. 24, 2025) (quoting *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014)); *see also Roy v. Power Dry Chi. Inc.*, No. 21 C 2744, 2021 WL 3801817, at *2 (N.D. Ill. Aug. 26, 2021) (dismissing a Title VII wrongful termination claim as "wholly duplicative" of a properly pled Title VII race discrimination claim (citing *Barrow*, 38 F. Supp. 3d at 920)). In the pending motion, the Defendants ask the Court to dismiss both the Title VII hostile work environment claim in Count III and the Title VII sex discrimination claim in Count IV as duplicative of the Title VII sexual harassment claim in Count II, arguing that the three claims are based on the same singular event on March 26, 2023. The Court considers each count in turn.

Count III alleges that the Plaintiff was subjected to a hostile work environment in violation of Title VII. The Plaintiff does not oppose dismissal of Count III as duplicative of the claim in Count II for sexual harassment under Title VII. Accordingly, the Court grants the motion as to Count III.

3

In Count IV, the Plaintiff alleges that the Defendants subjected him to "different terms and conditions of employment *due to his sex*" in violation of Title VII, citing Paragraphs 1 through 22 of the Amended Complaint. Am. Compl, ¶ 30 (emphasis added). In comparison, Count II alleges that the Defendants sexually harassed the Plaintiff in violation of Title VII, also based on the allegations in Paragraphs 1 through 22 of the Amended Complaint. The Defendants argue that the Plaintiff has alleged no new facts that would support an independent claim of sex discrimination but is instead alleging "gender discrimination based on sexual harassment." Def. Br. 5, ECF No. 39 (quoting *Brooks v. FedEx Supply Chain, Inc.*, No. 3:19-CV-14, 2019 WL 1746264, at *5 (S.D. Ill. Apr. 18, 2019) (dismissing a sex discrimination claim, explaining that "Counts I and II are duplicative because sexual harassment is a form of gender discrimination" (citing cases)); *Brownlee v. Cath. Charities of the Archdiocese of Chi.*, No. 16-CV-665, 2017 WL 770997, at *3–4 (N.D. Ill. Feb. 28, 2017) (striking the plaintiffs' sex discrimination claims as redundant with their sexual harassment and constructive discharge claims)).

The Plaintiff responds that, while the Defendants are correct that sexual harassment is a form of sex discrimination, *see Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 650 (7th Cir. 2017), not all sex discrimination claims are sexual harassment claims. The Plaintiff contends that his claim of sex discrimination in Count IV is based on the Defendants' disparate treatment of him following his complaint compared to the female Manager who harassed him.

Title VII prohibits discrimination by an employer "because of" an individual's sex. 42 U.S.C. § 2000e-2(a). "A complaint alleging sex discrimination under Title VII 'need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).[1] Here, the Plaintiff has alleged that he is a male, he performed his job well, he suffered an adverse employment action when he was forced to move to second shift and his hours were cut, and his female Manager, who allegedly harassed him, was returned to her position as kitchen manager. Count IV alleges that he was treated differently "due to his sex." Drawing the inferences in his favor as the Court must on a motion to dismiss, there are sufficient factual allegations to infer that the Plaintiff was forced to move to second shift and had his hours cut because he is a male. Accordingly, the Plaintiff has stated a distinct claim of sex discrimination, and the Court denies the motion to dismiss as to Count IV.

## CONCLUSION

For the above reasons, the Court hereby GRANTS in part and DENIES in part the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 38], dismissing Count III of the Amended Complaint. This case remains pending on Counts I, II, and IV of the Amended Complaint.

SO ORDERED on April 2, 2026.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Although both the Plaintiff and the Defendants cite cases setting out the four elements of a prima facie case for discrimination used on summary judgment, a plaintiff's complaint is not required to plead those elements. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination." (citations omitted)).